1:17cv138-SA-DAS

## IN THE CIRCUIT COURT OF CHICKASAW COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**BRUCE PRICE**                                                                 **PLAINTIFF**

**VS.**                                     **CAUSE NO.: H2017-049 G**

**O'REILLY'S AUTOMOTIVE STORES INC**
**and O'REILLY AUTOMOTIVE, INC.**                               **DEFENDANTS**

### COMPLAINT

COMES NOW, the Plaintiff, Bruce Price, by and through counsel, and files this his *Complaint* against the Defendant, O' Reilly's Automotive Stores Inc, and for cause of action, would show unto this Honorable Court the following facts, to wit:

### THE PARTIES

1. That the Plaintiff, Bruce Price, is an adult resident citizen of Chickasaw County, Mississippi, whose address is 354 County Road 345, Houston, Mississippi 38851.

2. That upon information and belief, Defendant, O'Reilly Automotive Stores Inc., is a Missouri Corporation doing business in the State of Mississippi. Upon information and belief, O'Reilly Automotive Stores Inc. is the wholly owned subsidiary of O'Reilly Automotive, Inc., a Missouri Corporation doing business in the State of Mississippi. (Referred to collectively hereafter as "O'Reilly's"). Together and/or for the mutual benefit of both entities, O'Reilly's owns and operates a retail store under the name of O'Reilly's Auto Parts at 1085 South Gloster Street, Tupelo, Mississippi 38801. Each corporation may be served with process through its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**FILED**

MAY 1 2 2017

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK    PAGE    BY PG

3. That upon information and belief, at the time of the subject motor vehicle collision, James Farrar was an employee of O'Reilly' driving a vehicle owned by O'Reilly's, with permission, and within the scope of his employment for the company.

## JURISDICTION AND VENUE

4. That jurisdiction and venue are proper with this Honorable Court as all relevant events to this cause of action occurred in Chickasaw County, Mississippi, the Plaintiff is a resident of Chickasaw County, Mississippi, and the damages sought by Plaintiff are reasonably expected to be within the jurisdictional limits of this honorable Court.

## FACTS ASSERTED

5. That on or about November 11, 2015, Plaintiff, Bruce Price, was travelling Southbound on MS Highway 15 in a reasonable and prudent manner. At the same time, another motorist, Yolanda Snyder, was driving her vehicle Northbound in the opposite lane of MS Highway 15. James Farrar was driving the truck owned by Defendant O'Reilly's in the Northbound lane of MS Highway 15 behind the vehicle operated by Yolanda Snyder. Suddenly and without warning, James Farrar rear-ended the vehicle driven by Yolanda Snyder. Upon impact, the vehicle operated by Yolanda Snyder was pushed into southbound lane of oncoming traffic, causing a violent collision between the front of Plaintiff's vehicle and the passenger side of Yolanda Snyder's vehicle. At that time, a fourth vehicle – an 18-wheeler tractor-trailer driven by James Tharp – was parked on the southbound shoulder of MS Highway 15. The force of the impact between Plaintiff's vehicle and Yolanda Synder's vehicle caused Plaintiff's vehicle to propel southwest, resulting in a violent collisiion between the front right of Plaintiff's vehicle and left rear tandem of James Tharp's 18-wheeler that was resting in the shoulder of the highway. At all relevant times, Plaintiff operated his vehicle in a safe and prudent manner.

Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By_____ D.C.

FILED
MAY 1 2 2017
CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK____ PAGE____ BY PG

Plaintiff did not have sufficient time to react to the accident caused by Defendant's vehicle pushing Yolanda Synder's vehicle in his path, and Plaintiff had no reasonable way to turn or stop his vehicle in order to avoid the collision. Said collision occurred in Chickasaw County, Mississippi. A copy of the incident report from the Chickasaw County Sheriff's Department is attached as Exhibit "A" and fully incorporated by reference herein.

6. At all times relevant herein, James Farrar was an employee and/or agent of O'Reilly's acting within the scope and course of his duties for O'Reilly's; therefore, O'Reilly's is liable for the actions of James Farrar under the doctrine of *respondeat superior*.

7. That the automobile collision which forms the basis for this Complaint occurred as a direct and proximate result of the negligent acts of Defendant, O'Reilly's, by and through its agent/employee, James Tharp. The negligent acts of the Defendant include, but are not limited to, the following:

    a. Failure to use reasonable care;

    b. Failure to keep proper lookout and properly observe the roadway;

    c. Following too closley;

    d. Failure to yield right of way;

    e. Speed too fast for the conditions at the time;

    f. Failure to keep proper lane;

    g. Failure to properly brake the vehicle;

    h. Failure to maneuver the vehicle to avoid a collision;

    i. Failure to maintain due and reasonable control over the vehicle;

    j. Operating the vehicle without due regard for the rights, safety and position of the Plaintiff lawfully on the roadway;

Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

FILED
MAY 12 2017
CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK ___ PAGE ___ BY BG

k. Operating the vehicle such to bring it into sudden, forcible contact with Plaintiff's vehicle;

l. Failure to maintain and/or inspect said vehicle;

m. Operating the vehicle while distracted;

n. Operating the vehicle in a careless and reckless manner;

o. Failing to bring the vehicle under control or stop;

p. Failure to yield the right of way;

q. Operating the vehicle after prolonged travel without proper rest; and/or,

r. Failure to obey the rules of the road and the statutes of the State of Mississippi while operating his vehicle on the highways and roadways of the State of Mississippi;

s. Failure to provide proper training, oversight, and/or monitoring of employee driver;

t. Improper and/or insufficient investigation, vetting, and/or background check of employee driver; and/or,

u. By other acts of negligence and/or gross negligence as will be shown at the trial of this cause.

8. Based upon the foregoing facts, Plaintiff asserts the following causes of action before this Honorable Court, count-by-count, as follows:

### COUNT 1: NEGLIGENCE AND/OR GROSS NEGLIGENCE

9. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

10. Defendant owed a duty to Plaintiff and others in the community to operate the vehicle

**FILED**

MAY 1 2 2017



Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

Page 4 of 11

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK      PAGE      BY BG

he was driving in a safe, careful, and reasonable manner. Defendant had a further duty to operate the motor vehicle with regard for the safety of other persons, including the Plaintiff, and consistent with the rules, regulations, statutes and ordinances governing the operation of a motor vehicle on the roads and highways of the State of Mississippi.

11. Defendant breached its duty to plaintiff while operating the motor vehicle, as more particularly stated in Paragraph 7, above.

12. The subject collision, and the injuries and damages of Plaintiff, occurred as a direct and proximate result of the negligent acts of the Defendant, and the Defendant is liable for the damages Plaintiff sustained.

13. Plaintiff asserts that Defendant acted in a negligent manner with reckless disregard for the safety of other motorists, including Plaintiff. Plaintiff further asserts the actions as alleged above were willful, wanton, malicious, intentional, outrageous and beyond the bounds of reasonableness. The Defendant's actions and/or omissions evidence such reckless disregard for the rights of the Plaintiff and others as to entitle Plaintiff to recover punitive damages from the Defendant in an amount to be determined at trial.

14. The actions and/or omissions on the part of Defendant constituting negligence was performed with such gross recklessness as to equate to gross negligence and were performed with a reckless disregard for the rights and safety of the Plaintiff and others so as to shock the conscious of this Court and justify the imposition of punitive damages in addition to actual damages.

15. As a direct and proximate result of Defendant's breach of duty to Plaintiff, Plaintiff received injuries and suffered damages for which he is entitled to recover which include, but are not limited to, the following:

FILED

MAY 1 2 2017

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK    PAGE    BY PG

Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

    a. Medical and hospital expenses, both past and future, which was reasonable and necessary and for which Plaintiff has been called upon to pay;

    b. Physical pain and suffering and mental anguish, past and future;

    c. Mental and emotional trauma;

    d. Property damage;

    e. Other economic and non-economic damages; and,

    f. Punitive damages.

16. As a direct and proximate result of the negligence and/or gross negligence of Defendant, Plaintiff seeks compensatory damages in an amount within the jurisdictional limits of this court, as well as punitive damages, the total amount of each to be determined by the trier of fact.

## COUNT II: NEGLIGENCE PER SE

17. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

18. During the course of the events giving rise to this Complaint, Defendant violated certain laws, rules, statutes, regulations and/or ordinances governing the operation of a motor vehicle on the roads and highways of the State of Mississippi.

19. Plaintiff was harmed as a direct and proximate result of Defendant violating the subject laws, rules, statutes, regulations and/or ordinances.

20. The laws, rules, statutes, regulations and/or ordinances violated by Defendant were designed to protect persons such as Plaintiff, and Plaintiff suffered the type of harm those laws, rules, statutes, regulations and/or ordinances violated by Defendant were designed to prevent.

21. As such, Defendant has committed negligence per se, and Plaintiff is entitled to recover

FILED
MAY 12 2017

Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK  PAGE  BY BG

damages from the Defendant.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

23. As a direct and proximate result of the negligent acts of Defendant, Plaintiff has suffered severe mental and emotional distress manifest by physical symptoms.

24. As such, Plaintiff is entitled to recover damages from Defendant.

### COUNT IV: NEGLIGENT ENTRUSTMENT

25. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth in their entirety.

26. Defendant, O'Reilly's, was the owner of the vehicle that their agent/employee, James Farrar, was driving when the collision occurred. James Farrar was a permissive user of O'Reilly's vehicle; therefore, Defendant, O'Reilly's, supplied James Farrar the vehicle in which Farrar was driving when the collision causing Plaintiff's injuries occurred.

27. Defendant, O'Reilly's, knew or should have known that Farrar would use the vehicle in a manner involving unreasonable risk of physical harm.

28. Defendant, O'Reilly's, knew or should have known that other persons may be endangered by Farrar's use of the vehicle.

29. As a direct and proximate result of the negligent entrustment by Defendant, O'Reilly's, Plaintiff received injuries and damages for which he is entitled to recover which include, but are not limited to, the following:

    a. Medical and hospital expenses, both past and future, which was reasonable and necessary and for which Plaintiff has been called upon to pay;

Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

Page 7 of 11

FILED
MAY 1 2 2017
CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK      PAGE      BY

    b. Physical pain and suffering and mental anguish, past and future;

    c. Mental and emotional trauma;

    d. Property damage;

    e. Other economic and non-economic damages; and,

    f. Punitive damages.

30. Plaintiff asserts the negligent entrustment actions of Defendant, as alleged above, were willful, wanton, malicious, intentional, outrageous and beyond the bounds of reasonableness. The Defendant's actions and/or omissions evidence such reckless disregard for the rights of the Plaintiff and others as to entitle Plaintiff to recover punitive damages from the Defendant in an amount to be determined at trial.

31. As a direct and proximate result of the negligent entrustment of Defendant, Plaintiff seeks compensatory damages in an amount within the jurisdictional limits of this court, as well as punitive damages, the total amount of each to be determined by the trier of fact.

## TRIAL BY JURY DEMANDED

32. Plaintiff requests a trial by jury in this cause of action.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Bruce Price, seeks and demands judgment against the Defendants, O'Reilly Automotive Stores Inc. and O'Reilly Automotive Inc., in an amount to be determined at the trial of this cause of action, and Plaintiff respectfully requests a trial by jury in this cause of action. Plaintiff prays for any and all other relief, whether general or specific, which this Honorable Court deems proper.

FILED

MAY 1 2 2017

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK    PAGE    BY BG




Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

Respectfully submitted, this the 9th day of ~~April~~ May, 2017.

                                                   BRUCE PRICE, PLAINTIFF

                              BY: *Brad Morris*
                                    BRAD MORRIS (MS Bar #104017)

<u>OF COUNSEL:</u>

BRAD MORRIS (MS Bar #104017)
BRAD MORRIS LAW FIRM PLLC
1603 UNIVERSITY AVENUE
POST OFFICE BOX 2136
OXFORD, MISSISSIPPI 38655
TELEPHONE: 662-701-0909
FACSIMILE: 1-888-636-8701
brad@bradmorrislawfirm.com

FILED

MAY 1 2 2017

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK _____ PAGE _____ BY BG





Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _____ D.C.

Page 9 of 11

IN THE CIRCUIT COURT OF CHICKASAW COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BRUCE PRICE                                                                                                     PLAINTIFF

VS.                                                                CAUSE NO.: H2017-049G

O'REILLY'S AUTOMOTIVE STORES INC. and,
UNKNOWN DEFENDANTS (A-Z)                                                              DEFENDANTS

## NOTICE OF SERVICE

To:   O'Reilly Automotive Stores Inc.
      By and through its Registered Agent:
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

NOTICE is hereby given that Plaintiff, Bruce Price, by and through undersigned Counsel, has this day served copies of the following in the above referenced matter:

*Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions Propounded to Defendant*

The undersigned retains the originals of the above papers as custodian thereof.

THIS the 8th day of May, 2017.

Respectfully Submitted,

Brad Morris
Brad Morris, Attorney for Plaintiff

BRAD MORRIS LAW FIRM PLLC
1603 UNIVERSITY AVENUE
POST OFFICE BOX 2136
OXFORD, MISSISSIPPI 38655
TELEPHONE: 662-701-0909
FACSIMILE: 1-888-636-8701

FILED

MAY 1 2 2017

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK____ PAGE____ BY BG



Certified A True Copy
This 24 day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By_____ D.C.

## CERTIFICATE OF SERVICE

I, Brad Morris, do hereby certify that I have this day served via U.S. Mail and/or Process Server, a true and correct copy of the above and foregoing Notice of Service to:

O'Reilly Automotive Stores Inc.
By and through its Registered Agent:
C T Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

This, the 8th day of May, 2017.

_Brad Morris_
BRAD MORRIS



**FILED**

MAY 12 2017

CASSANDRA L. PULLIAM
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK_____ PAGE_____ BY BG

Certified A True Copy
This 21st day of Aug, 2017
CASSANDRA L. PULLIAM, Circuit Clerk
Chickasaw County, Mississippi
By _Ava McKinney_ D.C.